IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DONALD FENTRESS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 3:15-cv-00232-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Donald Fentress, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for a period of disability insurance benefits and supplemental security income. As the parties recite, Mr. Fentress's case has a long procedural history. (Doc. Nos. 13, 14) Mr. Fentress says he has been disabled since September 22, 2005. An Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act and denied benefits. But the Appeals Council granted review and concluded Mr. Fentress was disabled - but only as of August 24, 2012. The controversy over the date of disability gives rise to the instant Complaint.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it.  A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of his Complaint, Plaintiff argues the "Appeals Council's finding that prior to August 2012 Fentress could perform a wide range of light work is not supported by the record." (Pl.'s Br. 28-35)  At issue is the interpretation of the medical evidence provided by Plaintiff's treating physician, Bradford Waters, M.D.  On July 13, 2009, Dr. Bradford opined Plaintiff was greatly limited by his chronic hepatitis, fibrosis, and inflammation.  (Tr. 764-767)

Plaintiff correctly points out that Dr. Waters's findings contradict the Appeals Council determination that he was capable of light work for the period in question.  Plaintiff also correctly notes that Dr. Waters, as a treating doctor, should be accorded substantial weight.

A careful review of the Appeals Council's decision reveals Dr. Waters's opinion was fully considered and discounted because of other evidence of record.  (Tr. 6-7)  The Appeals Council discounted Dr. Waters's opinion because other evaluations during the relevant period showed unremarkable examinations.  (Tr. 408-414, 809, 811, 829, 957, 1270, 1283, 1298, 1302)  More significantly, Mr. Fentress's own reports to his doctors on January 23, 2009, and April 1, 2009, contradicted Dr. Waters.  (Tr. 423, 936)  So while Plaintiff has offered evidence to the contrary, what evidence to believe and what weight to give it was the prerogative of the Appeals Council, within broad limits.  *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff also argues the Appeals Council improperly relied on the medical-vocational guidelines in finding Mr. Fentress was not disabled.  If that were true, it would indeed be reversible

error. However, I have closely reviewed the opinion of the Appeals Council and agree with the Commissioner on this point. I find the Appeals Council adopted the ALJ's opinion, including vocational expert testimony, in this regard. (Tr. 5, 6) I, therefore, find Plaintiff's argument is without merit.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 18th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE